ANDREW F. SCHNATTER, respondent,

*v.*

CHARLOTTE F. SCHNATTER, appellant.

[Submitted February term, 1941. Decided April 25th, 1941.]

Mr. *Harry Green,* for the appellant.

*Messrs. Theodore Strong & Son (Mr. John Vr. Strong),* for the respondent.

The opinion of the court was delivered by

BODINE, J.

Respondent sought a divorce from his wife on the ground of extreme cruelty. His wife, the appellant, countered seeking a divorce on the ground of cruelty. The husband was awarded a divorce, the custody of his minor son, commencing at the end of the then current school year, with the right of visitation to appellant. The wife's counter-claim was dismissed. This only is affirmed.

The parties to the action were married August 3d, 1931. Their lives seem not to have been harmonious or happy. The husband has been most unsuccessful. He has been somewhat steadily unemployed and on the relief rolls. They were obliged to frequently change their place of abode. The wife left her husband with her child on November 28th, 1936, and secured employment. She seems now to be steadily employed and has been able to provide for herself and her child. Although the husband complains of a series of acts of cruelty and lack of adequate care for his health and comfort in preparing meals, it appears from the whole record that while now complaining he continued to live with the appellant until September, 1936. She soon after left him. The resumption

from time to time of marital relations has been regarded as condonation of previous acts of cruelty. *Rushmore* v. *Rushmore, 114 N. J. Eq. 151.*

There is nothing in the record to indicate that the respondent suffered ill health by reason of the appellant's occasional outbursts of temper. Undoubtedly, the continual change of residence and the continual cynicism of the husband, suggesting improper conduct, would be provocative of a display of temper in a high-spirited woman. Such acts have not been supposed to constitute a ground for a husband to divorce his wife. There appears no reason to apprehend that he is in any danger in the future. *English* v. *English, 27 N. J. Eq. 579.* There is nothing to suggest that he would not be reasonably safe in health and person if he had continued the marital relation. *Cavileer* v. *Cavileer, 94 N. J. Eq. 160; Bonardi* v. *Bonardi, 113 N. J. Eq. 25; Rosengren* v. *Rosengren, 115 N. J. Eq. 283; Bamberg* v. *Bamberg, 123 N. J. Eq. 570; McNeel* v. *McNeel, 126 N. J. Eq. 255; Julian* v. *Julian, 127 N. J. Eq. 77.*

The testimony indicates that the husband frequently failed to adequately support his wife and that finally her father and brother rented a house for them to live in and paid board so as to make economic certainty more feasible. The husband, however, seized upon a slight occurrence to create a scene and proceeded to make false charges against his wife and her brother of grave import. The appellant's father quite properly ordered him from his house. He later returned, however, and clandestinely resumed marital relations with his wife until she left him because there was no likelihood of their being able to pay the rent of the house where they were living. When he could get work he would not take it.

It is always difficult to substitute the record for the impressions of the trier of the facts. However, we do so in this case with a greater degree of certainty, because the record does not disclose that unbiased calm which should prevail in courts of equity.

The appellant now resides at 74 Romaine avenue, Jersey City. Before she had an opportunity to give her testimony in chief, she was subjected by the learned advisory master to

a grilling examination as to what kind of place she lived in; insinuating that she was not a woman of good character. The proofs do not give rise to any justifiable suspicion. Litigants are entitled to the protection of the court from too aggressive cross-examination by counsel. The advisory master also, at other points in the record, assumed the role of cross-examining counsel. Much emphasis is made of the point that the appellant after she left her husband waited on tables in a roadhouse and also stated that she was a governess for some children. She performed both services. For some time, she has been steadily employed by the American Can Company and has supported her son in an orderly manner. The elderly woman with whom she boards, has time and does look after the child's needs, when the appellant is at her place of employment and the child is not in school. Although the respondent was ordered, in a previous Chancery proceeding to pay $5 a week for the support of his son, he has paid in all $6. He complains because his wife threw a few objects at him. But he has never made a continuous home for her or worked at a steady job.

By innuendo and insinuation, he sought to wreck her character. However, the proofs demonstrate that she was faithful and attentive to her duties as a wife. On a few occasions, living in a state of abject poverty with uncertainty as to a place of abode and food to cook, she may have resorted to the violence complained of. But the husband continued in his marital relations until they were broken off by the necessity of his wife seeking employment elsewhere, in order that she might support herself and her son—a duty the respondent did not and has not performed, notwithstanding the order of the Court of Chancery.

The decree in favor of the husband appealed from is reversed.

*For affirmance*—None.

*For reversal as per opinion*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 15.